# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) NO. 4:20 CR 143 JAR |
| v. | ) |
| ROBERT HARRISON, | ) |
| Defendant. | ) |

### GOVERNMENT'S MOTION AND MEMORANDUM OF LAW SUPPORTING THE ADMISSION OF 404(b) EVIDENCE

Come now Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Rodney Holmes, Assistant United States Attorney for said District and moves this Court in to permit at trial evidence of Prior Bad Acts pursuant to Rule 404(b) of the Federal Rules of Evidence. The Government states as follows:

**ARGUMENT:**

The United States moves this Court to admit evidence at trial pursuant to Federal Rule of Evidence 404(b). Specifically, the United States of America intends to introduce Defendant's January 06, 2012, conviction in the State of Missouri, Case Number 1022-CR05168, for Unlawful Possession of a Firearm.

Defendant was charged in a single count indictment on November 19, 2010. Count One charged Defendant with Unlawful Possession of a Firearm, in violation of 571.070, RSMo, a class C felony in the State of Missouri. Defendant, at his Change of Plea Hearing, admitted that on October 04, 2011, he possessed a .38 caliber revolver on his person. Defendant received a 7 year sentence on January 06, 2012 for the aforementioned conduct.

1

Rule 404(b) of the Federal Rules of evidence provides that evidence of prior bad acts is admissible to prove motive, opportunity, absence of mistake, or lack of accident. The Eighth Circuit has held Rule 404(b) is a rule of inclusion. United States v. Sykes, 977 F.3d 1242, 1246 (8th Cir. 1992). However, in order to adduce such evidence, the Government must show that the evidence is: (1) relevant to a material issue; (2) similar in kind and not overly remote in time to the charged crime; (3) supported by sufficient evidence; and (4) the potential prejudicial effect does not substantially outweigh its probative value. United States v. Williams, 308 F.3d 833, 837 (8th Cir. 2002). The Eighth Circuit has upheld the admission of a prior conviction for intentionally possessing a firearm when defendant is again charged with possessing a firearm. United States v. Green-Bowman, 816 F.3d 958 (8th Cir. 2016). Further, the Eighth Circuit has held that prior convictions occurring four, eight, and eleven years prior are not too remote as to be inadmissible, United States v. Gaddy, 532 F.3d 783, 789 (8th Cir. 2008).

In this case, Defendant is charged with possessing a firearm that was recovered by an officer who will testify that Defendant attempted to discard a firearm that the officer observed in Defendant's possession. The offense conduct of Defendant's prior case included the possession of a loaded firearm on Defendant's person. Also, in both cases, Defendant became irate and began screaming after being placed under arrest. Thus, the former conduct is clearly admissible pursuant to Rule 404(b) to show knowledge, absence of mistake, and lack of accident. The probative value of this evidence outweighs any unduly prejudicial effect.

This prior conviction has been previously produced to Defendant. The Government will promptly disclose any additional records upon receipt.

WHEREFORE, the Government prays this Court grant said motion an issue an Order consistent with the foregoing.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*/s/ Rodney H. Holmes*_____
RODNEY H. HOLMES, #6244551(IL)
Assistant United States Attorney
111 South 10th Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system this 25th day of October, 2021, to attorney for defendant, Mohammed Ahmed.

s/ *Rodney H. Holmes*
Assistant United States Attorney