UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:20-CR-00143-JAR-1 |
| ROBERT E. HARRISON, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on two pro se motions filed by Defendant Robert Harrison seeking a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The motions will be denied.

## BACKGROUND

After a jury trial in November 2021, Defendant Harrison was convicted on one count of Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1), 18 U.S.C. § 924(a)(2). (Doc. 82). Based on Harrison's offense level, criminal history, and personal factors, the Court sentenced him to the guideline minimum of 84 months' imprisonment, followed by two years of supervised release. (Doc. 94). Harrison's conviction was affirmed on appeal. (Doc. 111, 122). In November 2023, Harrison filed a pro se motion for sentence reduction pursuant to Amendment 821 of the sentencing guidelines. (Doc. 116). The Court determined that Harrison was not eligible for a reduction and therefore denied the motion. (Doc. 124, 125).

Harrison now seeks a reduction in sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). He is currently incarcerated at Pollock USP in Louisiana, with a projected release date of February 4, 2027. He is 44 years old.

## LEGAL STANDARDS

The First Step Act, passed in 2018, allows an incarcerated individual to bring his own motion for compassionate release if he has exhausted his administrative appeals or after the warden of his facility receives the request and does not respond within 30 days. Pub. L. No. 115-391, 132 Stat. 5194, § 603(b); 18 U.S.C. § 3582(c)(1)(A). Aside from allowing defendants to bring their own motions, the First Step Act did not change the standards for compassionate release. *United States v. Vangh*, 990 F.3d 1138, 1140 (8th Cir. 2021). Relief is available where the proposed sentence reduction is supported by: (1) "extraordinary and compelling reasons," (2) applicable policy statements issued by the Sentencing Commission, and (3) the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). "Extraordinary and compelling reasons" include: (1) a terminal illness or serious medical condition; (2) the defendant's age (at least 65 years old); (3) family circumstances such as the death or incapacitation of the caregiver of the defendant's minor children; (4) abuse by or at the direction of a person having control over the defendant and resulting in liability; (5) other reasons of similar gravity; or (6) for a defendant who received an unusually long sentence and has served at least 10 years, a subsequent change in the law (other than non-retroactive amendments to the guidelines) would produce a gross disparity between the original sentence and the one he would have received. U.S.S.G. § 1B1.13(b). *Id*.

The second requirement – that the reduction is consistent with Sentencing Commission policy – focuses on community safety. The Guidelines provide that compassionate release is only appropriate when the defendant "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Relevant factors to this consideration include the nature of the offense, the history and characteristics of the defendant, and the nature of the danger. *Id*. (incorporating the 18 U.S.C. § 3142(g) factors).

The third requirement focuses on the § 3553(a) factors, which include "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

A defendant who seeks compassionate release under 18 U.S.C. § 3582(c) bears the burden of establishing that such relief is warranted. *See, e.g., United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016). Compassionate release is "an extraordinary and rare event." *White v. United States*, 378 F.Supp.3d 784, 787 (W.D. Mo. 2019).

## DISCUSSION

As a preliminary matter, Harrison has not supplied any documentation establishing that he attempted to pursue administrative remedies before petitioning the Court by first submitting a request to the warden of his facility, as the statute requires. 18 U.S.C. § 3582(c)(1)(A). His motions are subject to dismissal on this basis alone. *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021).

Even were the Court to overlook this "mandatory claim-processing rule" (*Id.*), Harrison's pro se motions do not contain sufficient substantive grounds to enable to the Court to consider the merits. Citing applicable statutes and policies without argument or analysis, Harrison merely states without elaboration that he was "locked up during COVID-19," his conviction is unconstitutional, and there is a "societal interest" in a reduction in his offense level. (Doc. 118, 120). Though pro se pleadings are to be construed liberally, the Court is not permitted to act as counsel and cannot supply facts or construct legal arguments that a pro se litigant has failed to assert. *Schooley v.*

3

*Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983); *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Harrison fails to articulate any extraordinary and compelling circumstances or sentencing factors entitling him to relief.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motions for compassionate release are **DENIED**. (Doc. 118, 120).

Dated this 1st day of April 2025.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

4